WILLIAMS ESTATES, INC. *vs.* ZONING BOARD OF REVIEW OF THE CITY OF CRANSTON.

JUNE 13, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J.   This is a petition for certiorari brought to review the action of the Cranston zoning board of review, hereinafter called the board, in granting a variance and an exception for the construction of a gasoline filling station in a district zoned for business.   We issued the writ and in response thereto the respondent board has duly certified the pertinent records to this court for our inspection.

It appears therefrom that Russell S. and Alice S. Murphy are the owners of a parcel of land situated at the northwest corner of Broad street and Norwood avenue in the city of Cranston, consisting of approximately 11,922 square feet. The premises are presently occupied by a gasoline filling station on the easterly portion of the lot and a dwelling house to the west of the station.   Socony Mobil Oil Company, Inc. is the lessee of the gas station and the house is rented to two tenants.

It further appears that the property is located in an area zoned for business and that a gasoline service station is not

a permitted use in such district. Whether the gasoline station represents a nonconforming use or is the result of a previously granted exception does not appear from the record.

The property is bounded on the west by the land and dwelling of Perley H. Wyman, which is in a dwelling house district, and on the north by land zoned apartment house district. Immediately to the south across Norwood avenue is the Osteopathic Hospital.

The owners and lessee joined in applying to the board for a variance and an exception, stating in their application that they were desirous of tearing down the existing structures for the purpose of building a modern, two-bay gasoline service station, which would require the use of the entire lot. After due notice and publication the board held a hearing on November 14, 1961 at which testimony was received from Russell S. Murphy, William Anderson, and G. Richard Keller in support of the application. The last two named witnesses were the real estate representative and marketing engineer respectively of the lessee corporation. Louis Kirshenbaum, Esquire, the attorney for Alice C. Easterbrooks owner of the abutting property to the north, and Thomas L. Marcaccio, Jr., Esquire, the attorney representing the instant petitioner, northern abutter of the Easterbrooks property, testified on behalf of their clients.

On December 12, 1961 the board entered a decision granting a variance pursuant to the provisions of sec. 27 C of the ordinance and an exception in accordance with sec. 27 B (8) thereof. The petitioner contends that the reasons given by the board are insufficient in law as the bases of either a variance or an exception and that in any event there is no evidence in the record to support such reasons if otherwise found to be adequate.

It is not necessary to quote sec. 27 C other than to note that it is practically identical with the language employed in the provisions of the state enabling act whereby a finding

of unnecessary hardship is required. We agree with petitioner that the record is completely barren of any evidence tending to prove that a denial of a variance would deprive the owners of all beneficial use of their property. Indeed it is clear that the property is presently put to a profitable use. Moreover, it is located in a district zoned for business in which a number of profitable uses might be substituted for that of the dwelling proposed to be demolished. See *Heffernan* v. *Zoning Board of Review,* 49 R. I. 283.

The decision of the board in granting an exception, however, presents a more troublesome question. The applicable provisions of sec. 27 of the ordinance on which the board relied read as follows:

> "B. *Special exceptions.* When in its judgment the public convenience and welfare will be substantially served and the appropriate use of neighboring property will not be substantially or permanently injured, the board of review may in a specific case, after public notice and hearing and subject to appropriate conditions and safeguards, authorize special exceptions to the regulations herein established as follows:
> * * *
> "(8) In any district any use or building deemed by the board of review to be in harmony with the character of the neighborhood and appropriate to the uses or buildings authorized in such district * * *."

Mr. Murphy testified that the modernization of the existing service station would enhance the appearance of the entire corner; that the new design would improve visibility approaching the corner as the existing structure blocks the view of traffic moving southerly on Broad street; and that there were a church, a hospital and a drugstore on the five corners making up the intersection at which the property is located.

Mr. Anderson testified that the lessee proposed to purchase the property from the Murphys and abolish the existing structures; that the new station would be set back

from Broad street and provide off-street parking; that there would be no more fumes as a result of the new station than at present; and that the proposed expanded station would not affect the value of the adjacent property. He further testified that the new structure would be in harmony with the character of the neighborhood.

The lessee's engineer Mr. Keller testified that the present capacity was 9,000 gallons which it proposed to increase to 15,000 gallons; that the increased capacity would result in less frequent deliveries; and that the plans called for the erection of a twenty-inch steel guardrail fence along the line of the Easterbrooks property in substitution for an existing shoulder-high hedge.

Attorneys Kirshenbaum and Marcaccio, testifying in opposition, stated in substance that the proposed change would constitute a nuisance; that traffic from the normal use of such a station would be doubled, resulting in increased noise, fumes and unsightly activities; and that the proposed low steel guardrail fence would be inadequate considering that an apartment house which was to be built in the near future would be affected by a view of the gasoline station premises.

In its decision the board stated that it had given consideration to all of the testimony and exhibits; that it had viewed the premises; that it took note of the traffic situation at what was an extremely busy intersection; that it had considered the commercial nature of the surrounding area; that it had noted the proximity of the present station to the highway; that the proposed extension would provide better physical means for handling ingress, reception and egress of traffic; and that it had taken cognizance of the present use of neighboring premises.

It concluded that the proposed use would substantially serve the public convenience and welfare; that it would be in harmony with the character of the neighborhood and ap-

propriate to the uses or buildings authorized in such district; and that it would not substantially or permanently injure the neighboring property.

It also found that due to special existing conditions an unnecessary hardship would result from a denial of the proposed use. We have previously considered the question of whether the board abused its discretion in granting a variance. Having found that it did, we shall not further consider this additional finding.

We are of the opinion that the reasons given by the board are sufficient to justify the granting of a special exception under sec. 27 B (8) if, from the evidence adduced at the hearing and the observations referred to by the board after having viewed the premises, it can be said that the decision is not arbitrary and does not constitute an abuse of discretion. See *Costantino* v. *Zoning Board of Review*, 74 R. I. 316. This court has repeatedly held that if there is some evidence in the record upon which a decision of a zoning board of review may reasonably rest, we will not disturb it. *Dunham* v. *Zoning Board*, 68 R. I. 88; *Sweck* v. *Zoning Board of Review*, 77 R. I. 8.

It is clear from the testimony given by the owner and the lessee's representatives, and the effect it had on the board when it viewed the premises, that there is some evidence in support of its finding that the public interest would be substantially served and that the appropriate use of neighboring property would not be substantially or permanently injured. Furthermore, having in mind that the property is in a district zoned for business, a review of the uses permitted in such a district, coupled with the evidence and the impression received by the board when viewing the premises, persuades us that it was not unreasonable or arbitrary for the board to conclude that a granting of the exception sought conformed to the provisions of sec. 27 B (8).

That the board carefully considered not only the evidence

adduced by the applicants, but that offered by the remonstrants as well, is apparent from the special conditions which it attached. They are:

"1. A walpole fence is to be erected along the southerly property line of the Easterbrooks property from front of the house line to the rear, and the east property line of the Wyman property from the front of the house to the rear property line.

"2. One full curb cut is to be made on Broad Street at the maximum distance from the corner of Norwood Avenue.

"3. That a sign be erected denoting that there be no exit on Broad Street.

"4. Porcelain is to be installed on all sides.

"5. Lighting is to be directed only on this property."

From all of the evidence as applied to the ordinance the validity of which is not in question, and on the authority of which the board made its decision, we cannot say as a matter of law that the granting of the exception was unreasonable or arbitrary so as to constitute an abuse of discretion.

The petition for certiorari is denied and dismissed, the decision of the respondent board as it relates to the granting of an exception is affirmed, and the records certified to this court are ordered returned to the respondent board.

*Thomas L. Marcaccio, Jr.*, for petitioner.

*Charles A. Kelley*, City Solicitor; *Abraham Goldstein, Richard Casparian*, Assistant City Solicitors, for City of Cranston, for respondent.